**ROBINS CLOUD LLP**
KEVIN M. POLLACK, State Bar No. 272786
MELISA A. ROSADINI, State Bar No. 316369
808 Wilshire Boulevard, Suite 450
Santa Monica, California 90401
Telephone: (310) 929-4200
Facsimile: (310) 566-5900
kpollack@robinscloud.com
mrosadini@robinscloud.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CENTRAL CALIFORNIA

| | |
|---|---|
| MARRIETTE FRANCO, an individual; and JESSE LOPEZ, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> BAMBOO IDE8 INSURANCE SERVICES, LLC; CATLIN INSURANCE COMPANY, INC.; XL GROUP LTD.; and DOES 1 to 50, inclusive, <br><br> Defendants. | Case No. 5:22-cv-00690-GW-SP <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT** <br><br> [Filed concurrently with: Declaration of Melisa A. Rosadini; Request for Judicial Notice; Proposed Order] <br><br> Date:  June 27, 2022 <br> Time:  8:30 a.m. <br> Ctrm.:  9D, 9th Floor |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 27, 2022 at 8:30 a.m. in Department 9D of the above-referenced court located at 350 West 1st Street, Los Angeles, CA, 90012, or as soon thereafter as it may be heard, Plaintiffs MARRIETTE FRANCO and JESSE LOPEZ (collectively referred to herein as "Plaintiffs") will and hereby do move pursuant to 28 U.S.C. § 1447(c), for an order remanding this court.

1

proceeding back to the Superior Court of California, for the County of San Bernardino.

This Motion is made on the grounds that:

(1) the Court lacks subject matter jurisdiction over this case because there is not complete diversity between Plaintiffs and all Defendants. Not only have the defendants failed to introduce any admissible evidence establishing their respective citizenships, but there is evidence that Defendant Bamboo IDE8 Insurance Services, LLC ("Bamboo") has LLC members who are citizens of the State of California, thus making Bamboo also a citizen of California; and

(2) In any event Defendants' removal was untimely because Defendants had notice that the amount in controversy greatly exceeded $75,000 no later than July 19, 2021 when Plaintiffs produced documents reflecting the contractual damages suffered in response to Defendants' requests that they supply such information. Defendants Bamboo and Catlin were served with the Complaint on November 8, 2021 – thereby making the last day that they could have sought to remove the case – December 8, 2021. Similarly, although Defendant XL GROUP LTD was not formally served, defense counsel for all three defendants filed an answer for XL GROUP LTD on December 29, 2021 – thereby making the last day it could have sought to remove the case – January 28, 2021. Defendants did not timely file a notice of removal; their notice of removal was not filed until April 21, 2022.

In the alternative, Plaintiffs seek leave to conduct jurisdictional discovery on the citizenship of the members of Bamboo.

This Motion is based upon this Notice, the Memorandum of Points and Authorities set forth below, the attached Declaration of Melisa A. Rosadini, Plaintiffs' Request for Judicial Notice, all the pleadings and records on file in this action, and upon any other such evidence and oral argument before this Court at the hearing on this matter.

1  DATED:  May 23, 2022                    ROBINS CLOUD LLP

2

3

4                                          By:   _/s/ Melisa A. Rosadini_

5                                                KEVIN M. POLLACK
                                                 MELISA A. ROSADINI
6                                                *Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>**TABLE OF CONTENTS**</u>

I.       INTRODUCTION……………………………………………….....8

II.     FACTUAL AND PROCEDURAL BACKGROUND……..………………8

  A. Brief Factual Overview…………………………………………….…8

  B. Defendants' Joint Venture in Issuing the Policy……………………….10

  C. Bamboo is and at all Relevant Times was a Citizen of California………..…10

    1.  Bamboo's Filings with the California Secretary of State Show Several of its Members are Citizens of California…………………………………..11

    2.  Bamboo Filed Amended Articles of Organization in Arizona That Identified Several California Managers and Members……………....…11

    3.  Bamboo's Filing with the Utah Department of Insurance Identifies Only California as its Address……………………………………..……..11

    4.  Bamboo's SEC Filing States that its Members are Located in California……………………………………………………….....11

  D. Pre-Litigation Production and EUO…………………………………12

  E. Plaintiffs Filed Their Complaint in State Court and Defendants Filed Their Answers……………………………………………………...13

  F. Discovery in State Court……………………………………………14

  G. Defendants' Removal of this Case……………………………………14

III.    LEGAL STANDARD……………………………………………14

  A. Presumption Against Removal…………………………………..…..15

  B. The Burden of Proving Removal Jurisdiction is on the Removing Defendant………………………………………………………15

IV.    ARGUMENT…………………………………………….………16

  A. There is No Complete Diversity Amongst the Parties and Thus Subject Matter Jurisdiction is Lacking……………………………………………16

  1.  Bamboo is a Citizen of California…………………….……………16

    i.    Defendants' have presented no evidence of their respective

4

citizenships and particularly here, the citizenships of each of Bamboo's LLC members……………………………………….…17

ii.    Bamboo's Filings with the California Secretary of State Show Several of its Members are Citizens of California………….…..17

iii.    Bamboo Filed Amended Articles of Organization in Arizona That Identified Several California Managers and Members…………....17

iv.    Bamboo's Filing with the Utah Department of Insurance Identifies Only California as its Address…………………………………18

v.    Bamboo's SEC Filing States that its Members are Located in California……………………………………………………...18

vi.    Bamboo Has Been Found By at Least One Other Court in this District to be a Citizen of California……………………...…….18

B. Defendants' Removal Was Untimely………………………………….…..19

C. Alternatively, Plaintiffs Should Be Permitted to Conduct Jurisdictional Discovery……………………………………………………...……..23

V.    CONCLUSION………………………………..……………………………24

## **TABLE OF AUTHORITIES**

**Cases**

*Banta v. American Medical Response Inc.*, 2011 WL 2837642 (C.D. Cal. July 15, 2011)..............................................................................................................21, 22

*Benko v. Quality Loan Service Corp.*, 789 F.3d 1111 (9th Cir. 2015).....................22

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008)...............................................22

*Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996) .........................................................14

*Clinton v. Acequia, Inc.*, 94 F.3d 568 (9th Cir. 1996) ...............................................14

*Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996) .....................................................15

*Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir.1980) ................................19

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992).............................................14, 18

*Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009)...................................15

*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006) 15, 16

*Kent Sterling Attwood v. Bamboo IDE8 Insurance Services, LLC*, 2021 WL 289352 (C.D. Cal. Jan. 28, 2021)........................................................................................18

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)...........................14

*Kuxhausen v. BMW Fin. Serv. NA LLC*, 707 F.3d 1136 (9th Cir. 2013) .................19

*Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979).......................14

*Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009) ................................................................................................................14, 16

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936) ........................14

*Mondragon v. Capital One Auto Fin.*, 736 F.3d 880 (9th Cir. 2013) ......................22

*Morris v. Princess Cruises, Inc*. 236 F.3d 1061 (9th Cir. 2001)...............................13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) ..............18

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir.1996)........................15

*Schmitt v. Ins. Co. of North America*, 845 F.2d 1546 (9th Cir. 1988) .....................19

*Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221 (9th Cir. 1989) ................14

*Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368 (9th Cir. 1987).......................14

*Toumajian v. Frailey*, 135 F.3d 648 (9th Cir. 1998) ....................................................15

**Statutes**

28 U.S.C. § 1332.......................................................................................................14

28 U.S.C. § 1441(b)..................................................................................................13

28 U.S.C. § 1441(b)(2)..............................................................................................14

28 U.S.C. § 1447(c)..................................................................................................14

28 U.S.C. §1446(b)...................................................................................................18

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT
Case No. 5:22-cv-00690-GW-SP

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This action should be remanded back to state court for the following reasons: (1) the Court lacks subject matter jurisdiction over this case because there is not complete diversity between Plaintiffs and all Defendants. Not only have the defendants failed to introduce any admissible evidence establishing their respective citizenships, but there is evidence that Defendant Bamboo IDE8 Insurance Services, LLC ("Bamboo") has LLC members who are citizens of the State of California, thus making Bamboo also a citizen of California; and (2) In any event Defendants' removal was untimely because Defendants had notice that the amount in controversy greatly exceeded $75,000 no later than July 19, 2021 when Plaintiffs produced documents reflecting the contractual damages suffered in response to Defendants' requests that they supply such information.  Defendants Bamboo and Catlin were served with the Complaint on November 8, 2021 – thereby making the last day that they could have sought to remove the case – December 8, 2021. Similarly, although Defendant XL GROUP LTD was not formally served, defense counsel for all three defendants filed an answer for XL GROUP LTD on December 29, 2021 – thereby making the last day it could have sought to remove the case – January 28, 2021. Defendants did not timely file a notice of removal; their notice of removal was not filed until April 21, 2022.

In the alternative, Plaintiffs seek leave to conduct jurisdictional discovery on the citizenship of the members of Bamboo.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Brief Factual Overview

On or about October 18, 2020, Plaintiffs' home sustained severe property damage arising from a sudden and accidental rupture in a hot water supply line. The water caused significant damage in various areas of Plaintiffs' home. At the time of the loss, Plaintiffs were insured under a homeowner's insurance policy issued by

8

Defendants BAMBOO IDE8 INSURANCE SERVICES, LLC ("Bamboo");
CATLIN INSURANCE COMPANY, INC. ("Catlin"); XL GROUP LTD ("XL
Group") (collectively referred to herein as "Defendants"), policy number BAMHO-
2018-007986-01 (the "Policy"). The property damages and losses suffered by
Plaintiffs as a result of the sudden and accidental ruptured hot water supply line are
covered under the insurance policy Defendants issued to Plaintiffs. After the loss,
Plaintiffs submitted a proper and timely insurance claim with Defendants.

The Policy included terms implied by law, including that said benefits would
not be unreasonably withheld or delayed; and, that Defendants would investigate
and adjust claims in accordance with applicable laws in effect in the State of
California, and in accordance with standards of care and practice followed by
reputable adjusters and evaluators of first-party claims. The duties imposed by law
also required Defendants to fully and fairly adjust and evaluate the loss, to comply
with the express terms of the policy, to comply with the implied covenant of good
faith and fair dealing, and to comply with all other legal, regulatory, and statutory
requirements relating to claims handling and the processing of insurance claims.

However, following the loss, and despite evidence establishing the contrary,
Defendants unreasonably delayed the handling, adjustment and resolution of the
claim, and took unreasonable coverage and claim positions. Defendants' conduct is
contrary to the terms of the insurance policy, their duties owed to Plaintiffs and the
controlling law. In their handling of Plaintiffs' claim, Defendants wrongfully put
their interests ahead of Plaintiffs' and failed to give any consideration to the
interests of Plaintiffs. Defendants failed to properly, objectively, and/or thoroughly
investigate the claim. Instead, early on, without any factual basis to do so,
Defendants singularly focused the claim investigation on ways to deny the claim.
Defendants ignored evidence that objectively showed that the loss was covered
under the policy, failed and refused to timely retain their own experts to evaluate the
damage or explore and prove their conclusory opinions (even when their consultants

9

1  recommended and explained why follow up investigations would be prudent and
2  necessary), and wrongfully ignored the evidence submitted by Plaintiffs to support
3  their claim. Defendants wholly refused to adjust the insurance claim.  Defendants
4  shifted their investigative and adjustment responsibilities onto Plaintiffs, forcing
5  them to incur expert costs, and ultimately retain counsel.

6      Although Defendants had internally reached the decision to deny the claim in
7  January 2021, Defendants did not formally notify Plaintiffs of the denial until after
8  Plaintiffs filed suit. The lawsuit was filed on October 28, 2021, and the denial was
9  not communicated to Plaintiffs until December 2021. The denial letter was written
10  by Defendants' "coverage/claim" counsel Mr. Mizell simply to try to insulate
11  Defendants from liability for the wrongful decision to deny coverage. In any event,
12  the denial letter is factually and legally incorrect, ignores evidence demonstrating
13  coverage, and mischaracterizes evidence.

14      **B.      Defendants' Joint Venture in Issuing the Policy**

15      As detailed in Plaintiffs' Complaint (see, e.g., Dkt. No. 1-1 at ¶¶ 7-10, 12-13),
16  Plaintiffs have alleged that Bamboo was acting in a joint venture and/or joint
17  enterprise relationship with and/or as an agent of co-defendants Catlin and/or XL.
18  Moreover, the subject policy that Plaintiffs received had Bamboo's name and logo
19  throughout.  [See Declaration of Melisa A. Rosadini ("Rosadini Dec."), **Exhibit**
20  **"D"**]. In the same regard, all of Defendants' claim communications and claim
21  decisions were made or originated by Bamboo [See, e.g., Rosadini Dec. ¶ 9, **Exhibit**
22  **"A"**]. In this regard, Defendants' claim counsel, Mr. Mizell, acknowledged the same
23  when he notified Plaintiffs that he was getting involved and had been retained by
24  Bamboo [Rosadini Dec. ¶ 9; **Exhibit "A"**].

25      **C.      Bamboo is and at all Relevant Times was a Citizen of California**

26      Bamboo, on multiple occasions, has itself stated that it and/or its members are
27  citizens of California.

28

### 1.     Bamboo's Filings with the California Secretary of State Show Several of its Members are Citizens of California

In its required filings with the Secretary of State of California, Bamboo has identified John Chu (its CEO) as one of its members who resides in Palo Alto, California. [See Request for Judicial Notice ("RJN"), Exhibit "1".]  This filing by Bamboo is clear evidence that Bamboo is a citizen of California.  Mr. Chu's address is listed as being in Palo Alto, California (and it also identifies Bamboo's principal office as being in Palo Alto, California.)

### 2.     Bamboo Filed Amended Articles of Organization in Arizona That Identified Several California Managers and Members

Additionally, in 2018, Bamboo filed an Amendment to Articles of Organization with the Arizona Corporation Commission, adding several California managers and members.  [RJN, Exhibit "2".]  Specifically, Bamboo identifies that its members are John Chu, Dexter Partners, LLC, and Wedbush Capital, Inc.  Each of these members are listed with the address of 6 Montecito Road, Woodside, CA 94062.

### 3.     Bamboo's Filing with the Utah Department of Insurance Identifies Only California as its Address

Additionally, Bamboo's filing with the Utah Department of Insurance identifies its address as 3000 El Camino Real, Suite 200 Building 4, Palo Alto, CA 94303.  [RJN, Exhibit "3".]  Moreover, this same filing states that Bamboo is a non-resident organization.  *Id*. at p. 2.  Additionally, at least two of Bamboo's agents are listed as being associated with California.  *Id*.

### 4.     Bamboo's SEC Filing States that its Members are Located in California

Moreover, Bamboo filed its Form D with the United States Securities and Exchange Commission identifying its contact information as located in Woodside, California, as well as its executive officers and directors being located in California.

11

[RJN, Exhibit "4".]

### D.   Pre-Litigation Production and EUO

During the claim process, and despite the straightforwardness of the claim and Defendants' internal decision to deny the claim in January 2021, In February 2021, Defendants demanded that Plaintiffs to sit for an examination under oath ("EUO") and requested that they produce documents- including documents supporting the amount of their losses [Rosadini Dec. ¶ 6, **Exhibit "A"**].  On July 19, 2021, Plaintiffs produced the responsive documents, including those showing the amount of their economic losses, including but not limited to the mitigation services costs, cost to repair Plaintiffs' home, costs to pack out Plaintiffs' personal property, and actual cash value and replacement cost value of Plaintiffs' destroyed personal property.  These losses totaled approximately $415,604.76.  [Rosadini Dec. at ¶ 7, **Exhibits "B" and "B-1"**.]  Notably, Plaintiffs' submission of these documents is notated in Defendants' claim file that was produced in discovery. [Rosadini Dec. ¶ 8, **Exhibit "C"**].  In fact, Exhibit "C" (reflecting Defendants' attorneys' submission of the documents to Defendants stating "Attached please find documents provided by counsel today"), provided a link to download Plaintiffs' damage documents – links which still work to this very day. [*Id.*]

Further, notably under the terms of the applicable insurance policy, Plaintiffs were obligated to comply with Defendants' requests for information and documentation of their losses, as well as to sit for an EUO regarding the same. [Rosadini Dec. ¶ 9, **Exhibit "D"**].  Plaintiffs fully complied with this policy obligation.  Under the Policy, there is a contractual duty and obligation that Plaintiffs were required to comply with all requirements following a loss.  Specifically, the Policy states in pertinent part:

> Your Duties After Loss. In case of a loss to which this insurance may apply, we have no duty to provide coverage under this policy if you fail to comply with the following duties and your failure to comply is prejudicial to us. These

---

following duties must be performed by you, an insured or a representative of either.

…

c. Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep an accurate record of repair expenditures;

d. Cooperate with us in the investigation of a claim;

e. As often as we reasonably require:

(1) Exhibit the damaged property;

(2) Provide us with records and documents we request and permit us to make copies.

…

g. Prepare an inventory of damaged personal property showing in detail, the quantity, description, actual cash value and amount of loss. Attach to the inventory all bills, receipts and related documents that justify the figures in the inventory.

[See **Exhibit "D"**]

In August 2021, Defendants took Plaintiffs' EUOs.  [Rosadini Dec. ¶ 10.]

**E.**   **Plaintiffs Filed Their Complaint in State Court and Defendants Filed Their Answers**

Despite the straightforwardness of the claim and despite the documents produced supporting Plaintiffs' losses and having taken Plaintiffs' EUOs, Defendants continued to refuse to pay a penny to Plaintiffs.  Thus, Plaintiffs were forced to file this action against Defendants.  [Rosadini Dec. ¶ 11].  On October 28, 2021, Plaintiffs filed their complaint for breach of contract and bad faith in the Superior Court of San Bernardino, and asserted the damages that Plaintiffs had suffered, which related by category to the specific damage documents provided to Defendants on July 19, 2021.  [*Id.*]  Defendants Bamboo and Catlin were served on November 8, 2021.  [Rosadini Dec. ¶ 12, **Exhibits "E" and "F"**].  Defendant Catlin served its answer to the complaint on December 21, 2021.  [Rosadini Dec. ¶ 13, **Exhibit "G"**].  Defendant XL served its answer on December 29, 2021.  [Rosadini

Dec. ¶ 14, **Exhibit "H"**].  Despite being served on November 8, 2021, Defendant Bamboo did not serve its answer until April 20, 2022.  [Rosadini Dec. ¶ 15, **Exhibit "I"**].

### F.   Discovery in State Court

On December 21, 2021, Defendant Catlin served requests for admissions and form interrogatories to Plaintiffs.  [Rosadini Dec. ¶ 16].  This initial set of discovery, despite their previous knowledge and documentation of the amount of Plaintiffs damages, sought an admission regarding the amount in controversy and form interrogatories regarding the same. Plaintiffs objected to the discovery to the extent it was being used as a false basis to remove the case given Defendants' prior knowledge of the amount in controversy. [*See*, *e.g.*, Dkt. No. 1-3 at pg. 4:18-22].

### G.   Defendants' Removal of this Case

Despite having knowledge of the amount in controversy at the time of the service of Plaintiffs' Complaint, on April 21, 2022, Defendants removed this action to this Court.  In their Notice of Removal (Dkt. No. 1), despite Bamboo being an LLC and not a corporation, Defendants asserted that "[a]t the time the State Court action was filed and up to the present time, Defendant BAMBOO IDE8 INSURANCE SERVICES LLC (hereinafter "Bamboo") has been and is an Arizona corporation with its principal place of business in Midvale, Utah."  (See Dkt. No. 1 at ¶ 2.) Notably, the Notice of Removal failed to introduce any evidence concerning Bamboo's LLC members respective citizenships, or the other Defendants' citizenships.

## III.    LEGAL STANDARD

For removal based on diversity, 28 U.S.C. § 1332 requires complete diversity of citizenship. *Morris v. Princess Cruises, Inc*. 236 F.3d 1061, 1067 (9th Cir. 2001). Pertinent here, removal is not allowed where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT
Case No. 5:22-cv-00690-GW-SP

### A. <u>Presumption Against Removal</u>

Federal courts have jurisdiction only if each plaintiff is diverse from each defendant. 28 U.S.C. § 1332; *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). If a properly joined defendant is a citizen of the state in which it is sued, the case cannot be removed to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(2). Federal courts have limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appear." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "[I]f at any time before judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A federal district court may only hear cases over which it has valid subject matter jurisdiction. See 28 U.S.C. §§ 1331-69.  Because federal courts are courts of limited jurisdiction and because of federalism concerns, there is a presumption against removal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is a strong presumption against federal jurisdiction and the removal statute is strictly construed against removal. *Id. See also Clinton v. Acequia, Inc.*, 94 F.3d 568, 573 (9th Cir. 1996); *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction" *See Kokkonen*, at 377; *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936). "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### B. <u>The Burden of Proving Removal Jurisdiction is on the Removing Defendant</u>

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th

15

Cir. 1998)). The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper," and that the court resolves all ambiguity in favor of remand to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  Indeed, when a plaintiff moves to remand, the removing party has the burden of establishing by a preponderance of the evidence that removal was proper. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir.1996).

## IV.   <u>ARGUMENT</u>

### A. <u>There is No Complete Diversity Amongst the Parties and Thus Subject Matter Jurisdiction is Lacking</u>

#### 1.  **Bamboo is a Citizen of California**

In their notice of removal, Defendants cited to and relied on the wrong legal standard for determining Bamboo's citizenship because Bamboo is not a corporation; it is a limited liability company.  The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "an LLC is a citizen of every state of which its owners/members are citizens.")

As detailed herein, Bamboo is a citizen of California for diversity jurisdiction purposes because at least one of its members is a citizen of California and Bamboo has been found to be a citizen of California in this district.

///

///

///

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT

### i. *Defendants' have presented no evidence of their respective citizenships and particularly here, the citizenships of each of Bamboo's LLC members*

The burden of establishing removal jurisdiction falls with the removing party. *Marin Gen. Hosp.*, 581 F.3d at 944 . Defendants have failed to meet that burden.  In their defective notice of removal, Defendants failed to provide evidence establishing the citizenship of each defendant. With respect to Bamboo, it failed to allege, let alone introduce evidence establishing, the citizenship of each of its LLC members— which is critically the basis of Bamboo's citizenship. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d at 899.  The alleged place of incorporation and principal place of business of Bamboo is wholly irrelevant to Bamboo's citizenship for diversity jurisdiction purposes because Bamboo is an LLC—not a corporation.

### ii. *Bamboo's Filings with the California Secretary of State Show Several of its Members are Citizens of California*

Notably, in its required filings with the Secretary of State of California, Bamboo has identified John Chu (its CEO) as one of its members who resides in Palo Alto, California. [See RJN, Exhibit "1".]  This filing by Bamboo is clear evidence that Bamboo is a citizen of California.  Mr. Chu's address is listed as being in Palo Alto, California (and it also identifies Bamboo's principal office as being in Palo Alto, California.)  Bamboo cannot file its Statement of Information listing a California address, yet now try to claim that it is not a citizen of California to attempt to create diversity jurisdiction.

### iii. *Bamboo Filed Amended Articles of Organization in Arizona That Identified Several California Managers and Members*

Additionally, in 2018, Bamboo filed an Articles of Amendment to Articles of Organization with the Arizona Corporation Commission, adding several California managers and members.  [See RJN, Exhibit "2".]  Specifically, Bamboo identifies that its members are John Chu, Dexter Partners, LLC, and Wedbush Capital, Inc.

17

**Each of these members are listed with the address of 6 Montecito Road, Woodside, CA 94062.**  Bamboo has unequivocally admitted that more than one of its members is a citizen of California; thus making Bamboo a citizen of California for diversity jurisdiction purposes.

> #### iv.  *Bamboo's Filing with the Utah Department of Insurance Identifies Only California as its Address*

Additionally, Bamboo's filing with the Utah Department of Insurance identifies its address as 3000 El Camino Real, Suite 200 Building 4, Palo Alto, CA 94303.  [See RJN, Exhibit "3"] Moreover, this same filing states that Bamboo is a non-resident organization.  Id. at p. 2.  Additionally, at least two of Bamboo's agents are listed as being associated with California.  *Id*.

> #### v.  *Bamboo's SEC Filing States that its Members are Located in California*

Moreover, Bamboo filed its Form D with the United States Securities and Exchange Commission identifying its contact information as located in Woodside, California, as well as its executive officers and directors being located in California.  [See RJN, Exhibit "4"].  This is an admission by Bamboo in a public filing with a governmental entity that its members are located in the State of California.

These are all unequivocal pieces of evidence of Bamboo's citizenship in California, and each of these pieces of evidence is contrary to Defendants' flawed assertion of Bamboo's citizenship in Defendants' notice of removal.  Defendants have presented no evidence of Bamboo's citizenship and thus has not met their burden of establishing removal jurisdiction.

> #### vi.  *Bamboo Has Been Found By at Least One Other Court in this District to be a Citizen of California*

Moreover, just last year another court in this District determined that Bamboo was a citizen of California.  *See Kent Sterling Attwood v. Bamboo IDE8 Insurance Services, LLC*, 2021 WL 289352 at *2, Case No. 2:20-cv-10213-RGK-GJS (C.D.

18

Cal. Jan. 28, 2021) ("[i]t is ***undisputed that Plaintiff and Bamboo are both citizens of California for purposes of determining diversity jurisdiction.***")

Notably, this decision and judicial admission by Bamboo occurred *after* the subject loss and claim here (which occurred in October 2020). Moreover, this decision which unequivocally stated that Bamboo is a citizen of California was issued in the same year as the instant case was filed—2021.

Because Bamboo is a citizen of California and Plaintiffs are citizens of California (see Complaint at ¶¶ 1-2), there is no diversity jurisdiction and this case must be remanded to state court. As removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand. *See*, *e.g.*, *Gaus*, 980 F.2d 564. Defendants' allegations are insufficient to establish diversity jurisdiction. Consequently, Defendants have not met their burden of establishing complete diversity for purposes of removal to this Court.

**B. Defendants' Removal Was Untimely**

Notwithstanding that no diversity jurisdiction exists, this case must be remanded because Defendants' removal was untimely.

28 U.S.C. §1446(b) provides that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" The Supreme Court has interpreted "through service or otherwise" to mean formal service on the defendant before the 30-day period begins to run. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Courts apply state law governing formal service of process to determine the proper time period for a defendant to remove a case. *Id*. at 351. Here, Defendants Bamboo and Catlin were served with the Complaint on November 9, 2021, and thus had 30 days from that date (December 9, 2021) to remove this case. Similarly, although Defendant XL GROUP LTD was not formally served, defense counsel for all three defendants filed an answer for XL

19

GROUP LTD on December 29, 2021 – thereby making the last day it could have sought to remove the case – January 28, 2021.

Although the time limit for removal petitions is not jurisdictional, "a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir.1980); *see also Kuxhausen v. BMW Fin. Serv. NA LLC*, 707 F.3d 1136, 1142 n. 4 (9th Cir. 2013). Remand is "mandatory under section 1447(c) once the district court determine[s] that [the] petition for removal was untimely." *Schmitt v. Ins. Co. of North America*, 845 F.2d 1546, 1551 (9th Cir. 1988) (citations omitted).

Here, Defendants Bamboo and Catlin were served on November 8, 2021— over 5 months prior to Defendants' removal of this case—and thus untimely. Similarly, defense counsel for all three defendants filed an answer for XL GROUP LTD on December 29, 2021 – thereby making the last day it could have sought to remove the case – January 28, 2021.

Moreover and notably, Defendants had unequivocal notice of the amount of Plaintiffs' losses (exceeding $400,000) on July 19, 2021 at the latest. [Rosadini Dec. ¶ 6-8, Exhibits "A"-"C"]. Plaintiffs' complaint seeks economic damages (in addition to other items of damage) for their losses suffered as a result of the water loss and Defendants' conduct. It is wholly irrelevant that the Complaint itself does not identify a specific amount of damages—it does not change the fact that Defendants had notice that the amount Plaintiffs were seeking was in excess of $75,000.

> [E]ven where a pleading is indefinite on its face, a defendant may possess sufficient information allowing it to ascertain that the amount in controversy exceeds the jurisdiction minimum, may remove the action to federal court on that basis, and, if challenged, may present evidence to prove up the existence of removal jurisdiction. The rule articulated in these cases serves the purpose of assuring an early resolution of the court system in which the case will

20

be heard. Such a rule contemplates the elimination of gamesmanship in the ultimate choice of forum.

*Banta v. American Medical Response Inc.*, 2011 WL 2837642, at *1 (C.D. Cal. July 15, 2011) (internal quotations and citations omitted).

When Plaintiffs filed their complaint (in October 2021) and Defendants were served with such in November 2021, Defendants had the documentation showing Plaintiffs' economic damages as follows: (1) $29,662.72 for the mitigation services rendered remediate the water damage; (2) $182,944.36 for the cost to repair Plaintiffs' home; (3) $26,093.85 for the cost of packing out the personal property from the home; and (4) $171,918.74 on an actual cash basis/ $176,903.83 on a replacement cost basis for the damaged personal property.  [Exhibits B and B-1 to Rosadini Dec.].

Prior to litigation and prior to the requested examination under oath, Defendants had requested and Plaintiffs produced documents supporting their damages, including but not limited to the mitigation services costs, cost to repair Plaintiffs' home, costs to pack out Plaintiffs' personal property, and actual cash value and replacement cost value of Plaintiffs' destroyed personal property.  In fact, Plaintiffs' submission of these documents is notated in Defendants' claim file that was produced in discovery, unequivocally establishing Defendants' notice.

Further, notably under the terms of the applicable insurance policy, Plaintiffs were obligated to comply with Defendants' requests for information and documentation of their losses, as well as to sit for an EUO regarding the same. [See Exhibit "D" to Rosadini Dec.]  Plaintiffs fully complied with this policy obligation—yet Defendants essentially have feigned ignorance regarding the amounts sought by Plaintiffs as confirmed through the documents submitted prior to litigation.

Under the Policy, there is a contractual duty and obligation that Plaintiffs were required to comply with all requirements following a loss.  Specifically, the

Policy states in pertinent part:

> Your Duties After Loss. In case of a loss to which this insurance may apply, we have no duty to provide coverage under this policy if you fail to comply with the following duties and your failure to comply is prejudicial to us. These following duties must be performed by you, an insured or a representative of either.
>
> …
>
> c. Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep an accurate record of repair expenditures;
> d. Cooperate with us in the investigation of a claim;
> e. As often as we reasonably require:
> (1) Exhibit the damaged property;
> (2) Provide us with records and documents we request and permit us to make copies.
>
> …
>
> g. Prepare an inventory of damaged personal property showing in detail, the quantity, description, actual cash value and amount of loss. Attach to the inventory all bills, receipts and related documents that justify the figures in the inventory.

[Rosadini Dec., Exhibit "D"].

This contractual duty is expressly required under the terms of the Policy, meaning if Plaintiffs failed to comply with these requirements, they would jeopardize their ability to receive the benefits under the Policy.  Plaintiffs did comply with the terms of the Policy, and provided all supporting information and documentation of their losses in July 2021 to Defendants.  [Rosadini Dec., Exhibits "B" and "B-1"].  Defendants even noted this submission in their claim file. [Rosadini Dec., Exhibit "C"].

Unlike courts finding the removing defendant did not have notice of the amount in controversy, the *Banta v. American Medical Response Inc.*, 2011 WL 2837642, at *1 (C.D. Cal. July 15, 2011) court's reasoning is instructive here.  The *Banta* court held that the defendant (in a wage and hour class action brought by its

employees) was in possession of the facts indicating that the amount in controversy exceeded the jurisdictional threshold. *Id*., at *6. Further, the *Banta* court rejected the defendant's "turning a blind eye" argument, stating "where a defendant in the exercise of diligence could readily ascertain, on the basis of information within its possession, that the amount in controversy exceeds the jurisdictional minimum, it must remove the action to federal court upon receipt of the complaint even though the complaint may be indefinite on its face as to the amount in controversy."

Similar to *Banta*, here Defendants had the information necessary (by way of the documentation submitted by Plaintiffs during the insurance claim evidencing their losses) to determine that the amount in controversy exceeded $75,000.  The discovery propounded in state court related to such was merely a guise to improperly buy additional time to remove the case.  Defendants cannot feign a "blind eye" as to the amount for months.  Removal was untimely, and jurisdiction must be denied.

## C. <u>Alternatively, Plaintiffs Should Be Permitted to Conduct Jurisdictional Discovery</u>

Alternatively, if the Court is not inclined to remand this action, Plaintiffs should be permitted to conduct limited jurisdictional discovery before the Court rules on this motion.

A court's "jurisdictional finding of fact should be based on more than guesswork." *Mondragon v. Capital One Auto Fin*., 736 F.3d 880, 884 (9th Cir. 2013). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Indeed, certain "jurisdictional facts, which exist independent of the complaint, may require evidentiary clarification if the pleadings themselves are insufficient." *Benko v. Quality Loan Service Corp*., 789 F.3d 1111, 1121 (9th Cir. 2015).

Here, despite Defendants' erroneous assertion of Bamboo's citizenship in its

23

notice of removal and the clear evidence that Bamboo is a citizen of California, should the Court not remand this action, it should allow Plaintiffs to conduct jurisdictional discovery regarding the citizenship of each of the members of Bamboo.

**V.      CONCLUSION**

For reasons detailed herein, there is no diversity jurisdiction in this action and thus the case must be remanded back to state court.  Alternatively, the Court should permit Plaintiffs to conduct limited jurisdictional discovery to ascertain the citizenship of each of the members of Bamboo.

DATED:  May 23, 2022                    ROBINS CLOUD LLP


By:      _/s/ Melisa A. Rosadini_
KEVIN M. POLLACK
MELISA A. ROSADINI
*Attorneys for Plaintiffs*

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT
Case No. 5:22-cv-00690-GW-SP

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on May 23, 2022, I electronically filed the foregoing document entitled **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT** with the Clerk of the Court by using the CM/ECF system. All participants and/or counsel of record in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated:  May 23, 2022                    **ROBINS CLOUD LLP**


By          _____*/s/ Melisa A. Rosadini*_____
                              Melisa A. Rosadini

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT
Case No. 5:22-cv-00690-GW-SP